**Carlos Enrique Perez FUENTES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70565.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 21, 2005.

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marianne A. Pansa, Esq., Office of the U.S. Attorney, Fresno, CA, for Respondent.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM**

Carlos Enrique Perez Fuentes is a native and citizen of Guatemala. Fuentes petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his applica-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion for asylum, withholding of removal and CAT relief. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny this petition for review.

Substantial evidence supports the IJ's determination that Fuentes was not persecuted in Guatemala. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995). In addition, substantial evidence supports the IJ's conclusion that Fuentes' fear of future persecution is too speculative to establish a well-founded fear of persecution. *See Nagoulko*, 333 F.3d at 1018.

Because Fuentes did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence also supports the IJ's conclusion that Fuentes failed to establish that it was more likely than not that he would be tortured in Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**